UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| MICHAEL ANTHONY THOMAS, | ) | |
| Debtor. | ) | CASE NO: 21-57126-PMB |

POST-CONFIRMATION MODIFICATION OF PLAN
AND REQUEST FOR APPROVAL

Debtor proposes to modify the confirmed Chapter 13 Plan in this case as set forth below and requests that this modification be approved.

MODIFICATION OF PLAN

Debtor hereby modifies his Chapter 13 Plan, which was confirmed by Order of this Court on January 14, 2022; as follows:

1.

**Amended to delete Paragraph 2.1 as follows:**

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:    [ ] 36 months    [X] 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows: The debtor(s) will pay $600.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable:*

[ ] The amount of the Regular Payment will change as follows (if this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes):

## 2.

### Amended to add Paragraph 2.1 as follows:

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:    [ ] 36 months        [X] 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $600.00 per month for the applicable commitment period.  If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable:*

[X] The amount of the Regular Payment will change as follows (if this box is not checked, the rest of § 2.1 need not be completed or reproduced.  Insert additional lines as needed for more changes):

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
| 10/2022 | $340 per month | Chapter 13 Severed and reduction in disposable income |

## 3.

### Amended to delete Paragraph 3.2 as follows:

**§ 3.2 Request for valuation of security and modification of certain undersecured claims.**

[ ] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

[X] The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim. For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | AmeriCredit/GM Financial | $11,595.00 | 2016 Chevrolet Impala (7/10/2016) | $11,450.00 | $0.00 | $11,450.00 | 4% | $144.00 | $144.00 step to $532.00 in November, 2022 |
| ☐ | United Consumer Financial Services | $4,049.00 | HVAC (1/10/2018) | $100.00 | $0.00 | $100.00 | 4% | $0.00 | $20.00 |

**4.**

**Amended to add Paragraph 3.2 as follows:**

**§ 3.2 Request for valuation of security and modification of certain undersecured claims.**

[ ] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[X] The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim. For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | United Consumer Financial Services | $4,049.00 | HVAC (1/10/2018) | $100.00 | $0.00 | $100.00 | 4% | $0.00 | $20.00 |

## 5.

**Amended to delete Paragraph 4.3 as follows:**

**§ 4.3 Attorney's fees.**
(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 4,963.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended..

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 363.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fee Order, until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,813.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,813.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

6.

**Amended to add Paragraph 4.3 as follows:**

**§ 4.3 Attorney's fees.**
(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 1,765.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended..

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $270.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fee Order, until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 0.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 0.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

## 7.

**Amended to delete Paragraph 8.1 as follows:**

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

**[ ] None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

The debt described in § 3.1 above is a long-term debt related to debtor's mortgage as described in 11 U.S.C. § 1322(b)(5). Pursuant to 11 U.S.C. § 1328, this debt is not subject to discharge.

Student loans are currently in deferment and not to be funded by the trustee. Student loans will be paid directly by the Debtor when the deferment period ends.

**8.**

**Amended to add Paragraph 8.1 as follows:**

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

**[ ] None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A non-standard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*
***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

1. The debt described in § 3.1 above is a long-term debt related to debtor's mortgage as described in 11 U.S.C. § 1322(b)(5). Pursuant to 11 U.S.C. § 1328, this debt is not subject to discharge.

2. Student loans are currently in deferment and not to be funded by the trustee. Student loans will be paid directly by the Debtor when the deferment period ends.

3. Secured Claim filed by Americredit Financial Services, Inc, dba GM Financial (Claims Register Number 1-1) shall be paid direct by co-signer pursuant to divorce decree.

Dated:  October 28, 2022                    By:

                                                            ___/S/_____
**Michael Anthony Thomas**
**Debtor**

                                                            ___/S/_____
**Michael R. Rethinger**
**Georgia Bar Number 301215**
**Attorney for Debtor**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| **MICHAEL ANTHONY THOMAS,** | ) | |
| Debtor. | ) | CASE NO: 21-57126-PMB |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,**
**DEADLINE FOR FILING WRITTEN OBJECTIONS AND**
**HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that **Michael Anthony Thomas** has filed a *"Post Confirmation Modification of Plan and Request for Approval"* (hereinafter "Motion") and related papers with the Court seeking an order *changing the amounts of the Debtor's Chapter 13 Plan Payments called for in Section 2.1, providing for his bankruptcy attorney's fees, and providing for treatment of co-signed debts pursuant to a post petition divorce decree,* a copy of which modifications you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed modification was filed on **October 28, 2022.** If the twenty-fourth day after the date of filing falls on a week-end or holiday, the deadline is extended to the next business day.

PLACE OF FILING:   Clerk, United States Bankruptcy Court
Room 1340 United States Courthouse
Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3367

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at:

Michael Anthony Thomas
3045 Millpine Ct.
Buford, GA 30519

**PLEASE TAKE FURTHER NOTICE** that if a timely objection is filed, the Court will hold an initial telephonic hearing for announcements on the ***Post Confirmation Modification of Plan and Request for Approval*** at the following number: (toll-free **number**: **833-568-8864, Meeting ID 161 706 9079**, at **9:15 a.m.** on **December 1, 2022, in Courtroom 1202, United States Court House, 75 Ted Turner Drive, SW, Atlanta, GA 30303.  If no objection is timely filed, the Court may approve the proposed modification without further notice or hearing.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated:  October 28, 2022                                By:

                                                                /s/_____
Michael R. Rethinger
Georgia Bar Number 301215
Attorney for Debtor

1028 Edgewood Avenue NE
Atlanta, GA 30307
(770) 922-0066
michael@rethingerlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the **31st** day of **October, 2022**, I electronically filed the foregoing ***Post Confirmation Modification of Plan and Request for Approval and NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN, DEADLINE FOR FILING WRITTEN OBJECTIONS AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED*** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

Americredit Financial Services, Inc. dba GM Financial
Attn: Mandy Youngblood
P.O. Box 183853
Arlington, TX 76096

Michael Anthony Thomas
3045 Millpine Ct.
Buford, GA 30519

Margaret Quinones
2220 Executive Dr
Duluth, GA 30096

Margaret Quinones
c/o Christopher J. Sleeper
Jeff Field & Associates
342 North Clarendon Avenue
Scottdale, GA 30079

Melissa J. Davey, Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

United Consumer Financial Serv.
c/o Patti H. Bass
Bass & Associates, PC
Suite 200
3936 E. Ft. Lowell Road
Tucson, AZ 85712

Bank of America, N.A.
c/o Josephine Salmon
Aldridge Pite, LLP
Fifteen Piedmont Center, Suite 500
3575 Piedmont Road, N.E.
Atlanta, GA 30305

All parties on attached mailing matrix

Dated: October 31, 2022					By:

							_/s/_____
							Michael R. Rethinger

```
Label Matrix for local noticing          AmeriCredit Financial Services, Inc. DBA GM    AmeriCredit/GM Financial
113E-1                                   PO Box 183853                                   Attn: Bankruptcy
Case 21-57126-pmb                        Arlington, TX 76096-3853                        PO Box 183853
Northern District of Georgia                                                             Arlington, TX 76096-3853
Atlanta
Wed Oct 26 15:40:48 EDT 2022

American Profit Recovery                 (p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN  BANK OF AMERICA, N.A.
Attn: Bankruptcy                         PO BOX 183853                                   P.O. Box 31785
34505 W 12 Mile Road #333                ARLINGTON TX 76096-3853                         TAMPA, FL 33631-3785
Farmington Hills, MI 48331-3288


Bank of America Home Loans               Patti H. Bass                                   Capital One
PO Box 650070                            Bass & Associates, PC                           Attn: Bankruptcy
Dallas, TX 75265-0070                    Suite 200                                       PO Box 30285
                                         3936 E. Ft. Lowell Road                         Salt Lake City, UT 84130-0285
                                         Tucson, AZ 85712-1083


Capital One Bank (USA), N.A.             Citibank, N.A.                                  Citibank/The Home Depot
4515 N Santa Fe Ave                      5800 S Corporate Pl                             Citicorp Credit Srvs/Centralized Bk dept
Oklahoma City, OK 73118-7901             Sioux Falls, SD 57108-5027                      PO Box 790034
                                                                                         St Louis, MO 63179-0034


Collection Services of Athens, Inc.      (p)CARTER YOUNG INC                             Credit One Bank
Attn: Bankruptcy                         882 N MAIN STREET                               Attn: Bankruptcy Department
PO Box 8048                              SUITE 120                                       PO Box 98873
Athens, GA 30603-8048                    CONYERS GA 30012-4442                           Las Vegas, NV 89193-8873


Melissa J. Davey                         R. Jeffrey Field                                First Premier Bank
Standing Chapter 13 Trustee              Jeffrey Field & Associates                      Attn: Bankruptcy
Suite 2250                               342 North Clarendon Avenue                      PO Box 5524
233 Peachtree Street NE                  Scottdale, GA 30079-1320                        Sioux Falls, SD 57117-5524
Atlanta, GA 30303-1509


Fortiva                                  (p)I C  SYSTEM  INC                             Kohl's
Attn: Bankruptcy                         LEGAL DEPARTMENT                                Peritus Portfolio Services II, LLC
PO Box 105555                            PO BOX 64444                                    PO BOX 141509
Atlanta, GA 30348-5555                   SAINT PAUL MN 55164-0444                        IRVING, TX 75014-1509


Kohls/Capital One                        Lendmark Financial Service                      (p)LENDMARK FINANCIAL SERVICES
Attn: Credit Administrator               1735 North Brown Road                           2118 USHER ST
PO Box 3043                              Suite 300                                       COVINGTON GA 30014-2434
Milwaukee, WI 53201-3043                 Lawenceville, GA 30043-8228


Navient                                  Navient Solutions, LLC. on behalf of            (p)PORTFOLIO RECOVERY ASSOCIATES LLC
Attn: Bankruptcy                         Ascendium Education Solutions Inc               PO BOX 41067
PO Box 9640                              PO BOX 8961                                     NORFOLK VA 23541-1067
Wilkes-Barre, PA 18773-9640              Madison, WI 53708-8961


Radius Global Solutions                  Michael R. Rethinger                            SCOLOPAX, LLC
Attn: Bankruptcy                         Law Offices of Michael R. Rethinger, LLC        c/o Weinstein & Riley, P.S.
7831 Glenroy Rd, Ste 250                 1028 Edgewood Avenue NE                         2001 Western Ave, Ste 400
Edina, MN 55439-3117                     Atlanta, GA 30307-2542                          Seattle, WA 98121-3132
```

| | | |
|---|---|---|
| Josephine Salmon<br>Aldridge Pite, LLP<br>Fifteen Piedmont Center, Suite 500<br>3575 Piedmont Road, N.E.<br>Atlanta, GA 30305-1636 | Scolopax, LLC<br>C/O Weinstein & Riley, P.S.<br>2001 Western Ave., Suite #400<br>Seattle, WA 98121-3132 | THE BANK OF NEW YORK MELLON FKA THE BANK<br>Bank of America, N.A.<br>P.O. Box 31785<br>Tampa FL 33631-3785 |
| Michael Anthony Thomas<br>3045 Millpine Ct.<br>Buford, GA 30519-6970 | United Consumer Financial Serv.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712-1083 | United Consumer Financial Services<br>Attn: Bankruptcy<br>865 Bassett Road<br>Westlake, OH 44145-1194 |
| United Consumer Financial Services<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Suite 200<br>Tucson, AZ 85712-1083 | World Finance<br>World Acceptance Corporation<br>Attn: Bankruptcy<br>P.O. Box 6429<br>Greenville, SC 29606-6429 | World Finance Company<br>Attn: Bankruptcy<br>PO Box 6429<br>Greenville, SC 29606-6429 |
| World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | World Finance Corp/World Acceptance Corp<br>Attn: Bankruptcy<br>PO Box 6429<br>Greenville, SC 29606-6429 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Americredit Financial Services, Inc.<br>Dba GM Financial<br>P O Box 183853<br>Arlington, TX 76096 | Collectron Of Atlanta/Carter-Young<br>Attention: Bankruptcy<br>882 N. Main St NW, Suite 120<br>Conyers, GA 30012 | I C System<br>Attn: Bankruptcy<br>444 Highway 96 East<br>Saint Paul, MN 55127 |
| (d)IC Systems, Inc<br>Attn: Bankruptcy<br>PO Box 64378<br>St. Paul, MN 55164 | Lendmark Financial Services, LLC<br>2118 Usher Street<br>Covington, GA 30014 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Bank of America, N.A. | End of Label Matrix<br>Mailable recipients    40<br>Bypassed recipients     1<br>Total                   41 |